**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| METROPCS, a brand of T-MOBILE USA, Inc., a Delaware Corporation Plaintiff, v. FIESTA CELL PHONE & DISH NETWORK, INC., SMBNW ENTERPRISES INC., individually and d/b/a FIESTA CELL PHONES, IRACITI INC. d/b/a CELLULAR PORT, ZAWAR H. SHAH, MOEED H. SHAH a/k/a SYED SHAH a/k/a SEAN SHAH, and JANE DOE 1, Defendants. | Civil Action No: 4:16-cv-3573 |

**FINAL JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT, FIESTA CELL PHONE & DISH NETWORK, INC.**

Plaintiff T-Mobile USA, Inc., a Delaware corporation ("T-Mobile"), for itself and its MetroPCS brand (collectively referred to hereafter as "MetroPCS") brought the above-captioned lawsuit against Defendant Fiesta Cell Phone & Dish Network, Inc. ("Defendant"), alleging that Defendant is engaged in an unlawful enterprise involving the unauthorized and deceptive acquisition and bulk resale overseas of specially-manufactured handsets designed for use on MetroPCS's wireless service (collectively, "MetroPCS Handsets"), the theft of MetroPCS's subsidy investment in the Handsets, the unlawful access of MetroPCS's protected computer systems and wireless network, the trafficking of MetroPCS's protected and confidential computer passwords, and the willful infringement of MetroPCS's trademarks (collectively, the "Handset Theft and Trafficking Scheme" or the "Scheme").

MetroPCS contends that Defendant, the co-defendants and its co-conspirators, perpetrated the Handset Theft and Trafficking Scheme by acquiring large quantities of MetroPCS Handsets

110170383.1

1

from MetroPCS and/or MetroPCS authorized dealers and by soliciting others to purchase MetroPCS Handsets in large quantities for the benefit of Defendant. Plaintiff asserts that Defendant and its co-conspirators acquired the MetroPCS Handsets with the knowledge and intent that the Handsets will not be used on the MetroPCS wireless network (as required by the MetroPCS terms and conditions), but instead, the Handsets are trafficked and the vast majority are ultimately resold as new overseas where the Handsets are not subsidized by wireless carriers (as they are in the United States). MetroPCS further asserts that Defendant acquired the Handsets with the knowledge and intent that the Handsets will be computer-hacked or "unlocked," to disable software installed in the Handsets by the manufacturers at the request and expense of MetroPCS, which enables the activation of the MetroPCS Handsets exclusively on MetroPCS's wireless system. The purpose of the software is to allow MetroPCS, which is a service provider not a cell phone retailer, to offer the Handsets at a discount to the consumer while protecting MetroPCS's subsidy investment in the Handset. MetroPCS asserts that the illegally unlocked Handsets are trafficked and resold as new by Defendant, at a premium, under the MetroPCS trademarks.

MetroPCS Handsets are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Handsets. The packaging of every MetroPCS Handset provides that by purchasing or opening the package, activating, using, or paying for MetroPCS service, the purchaser agrees to the MetroPCS Terms and Conditions posted on www.metropcs.com. Purchasers have the option to return the MetroPCS Handset in accordance with the return policy if they do not agree to the Terms and Conditions. The methods used by MetroPCS for obtaining its customers' agreement to the Terms and Conditions are legally valid and appropriate, and the Terms and Conditions constitute a valid and binding contract between MetroPCS and each of its customers. Pursuant to the Terms and Conditions of

MetroPCS Handsets, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the MetroPCS Handsets on the MetroPCS network; (c) not to resell the MetroPCS Handsets and related products and services; and (d) not to use the Handsets for a purpose that could damage or adversely affect MetroPCS.

In this case, as a result of Defendant's involvement in the Handset Theft and Trafficking Scheme, as detailed in the unrebutted complaint, MetroPCS has asserted claims against Defendant for unfair competition, tortious interference with business relations, torious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, common law fraud and fraudulent misrepresentation, trafficking in computer passwords, 18 U.S.C. § 1030(a)(6), unauthorized access, 18 U.S.C. § 1030(a)(5)(C), unauthorized access with intent to defraud 18 U.S.C. § 1030(a)(4), federal trademark infringement, 15 U.S.C. § 1114 [§ 32(1) of the Lanham Act], federal common law trademark infringement and false advertising, 15 U.S.C. § 1125(a)(1)(A) and (B) [§ 43(a) of the Lanham Act], contributory trademark infringement, and conversion.

Based on the undisputed position advocated by the Plaintiff, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby:

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in MetroPCS's Complaint.

2. MetroPCS has the right to use and enforce rights in the standard character and stylized MetroPCS® mark (collectively, the "MetroPCS Marks"), as depicted below:

  

MetroPCS uses the MetroPCS Marks on and in connection with its telecommunications products and services. The MetroPCS Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with MetroPCS.

3. The Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between MetroPCS and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on the use of MetroPCS Handsets. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Handset is designed to be activated on the MetroPCS network; (c) prohibit resale of MetroPCS Handsets and related products and services; and (d) prohibit using the Handsets for a purpose that could damage or adversely affect MetroPCS, for which MetroPCS is entitled to relief.

4. The conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct also constitutes unfair competition, tortious interference with business relations and contractual relations, conspiracy, unjust enrichment, common law fraud and fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*., contributory trademark infringement, and conversion.

5. MetroPCS has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendant's conduct that far exceeds the $5,000 aggregate annual damages under the Computer Fraud and Abuse Act.

6. On review and consideration of all relevant factors, MetroPCS is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

7. The Court finds that Defendant unlawfully trafficked in at least 3,400 new MetroPCS Handsets. For each new MetroPCS Handsets that MetroPCS sells its investment and expected revenue from the Phone averages $726. When a new MetroPCS Handset is unlawfully trafficked through Defendant's use of a co-conspirator or otherwise, MetroPCS loses its investment and does not receive the expected revenue, which reduces its profits and increases MetroPCS's costs. MetroPCS's damages resulting from Defendant's acquisition and resale of new MetroPCS Handsets adds up to at least: $726 x 3,400 new MetroPCS Handsets = $2,468,400. In light of Defendant's willful violations of the Lanham Act and affirmative absence from this case, and because Defendant has caused damage significantly greater than that actually confirmed by MetroPCS's investigation, the Court will treble these damages to $7,405,200.

8. MetroPCS is also entitled to an award of its reasonable attorneys' fees and costs in the amount of $8,558.50.

9. MetroPCS is also entitled to an award of reasonable investigation fees in the amount of $7,267.15.

10. Final default judgment is hereby entered against Defendant Fiesta Cell Phone & Dish Network, Inc. and in favor of MetroPCS, on all of the claims set forth in MetroPCS's Complaint in the principal amount of $7,421,025.65, which shall bear interest at the legal rate, for which let execution issue forthwith.

11. For T-Mobile USA, Inc. and all of its subsidiaries or brands, now or in the future, including MetroPCS, Defendant and all of its past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or

entities acting or purporting to act for it or on its behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant or Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new MetroPCS or T-Mobile Handsets;

    b.    supplying MetroPCS or T-Mobile Handsets to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in the purchase or sale of MetroPCS or T-Mobile Handsets or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in MetroPCS or T-Mobile Handsets;

    c.    acquiring, advertising or reselling MetroPCS or T-Mobile services;

    d.    engaging in any of the conduct described in the Complaint as the "Handset Theft and Trafficking Scheme;"

    e.    accessing MetroPCS's or T-Mobile's computer networks either directly or through a MetroPCS or T-Mobile representative or customer or a third-party;

    f.    supplying MetroPCS or T-Mobile Handsets to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of MetroPCS or T-Mobile Handsets;

g. knowingly using the MetroPCS Marks or any other trademark, service mark, trade name and/or trade dress owned or used by MetroPCS now or in the future, or that is likely to cause confusion with MetroPCS's Marks, without MetroPCS's prior written authorization;

h. holding itself out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of MetroPCS; and

i. advertising any products or services that have any purported connection to MetroPCS or any of MetroPCS's affiliates.

12. The acquisition, sale or shipment of any new MetroPCS or T-Mobile Handsets without MetroPCS's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

13. The address of Plaintiff is 12920 S.E. 38th Street, Bellevue, Washington 98006.

14. The last known address of Defendant Fiesta Cell Phone & Dish Network, Inc. is 6855 S. Gessner Road, Houston, Texas 77036.

15. Defendant waives any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waives its right of appeal from the entry of this Final Judgment.

16. The Court retains jurisdiction over this matter and the parties to this action to enter an award of damages against Defendant and to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiff in an amount of $5,000 for each new MetroPCS or T-Mobile Handset that Defendant is found to have acquired, purchased, sold and/or unlocked in violation of this

Injunction. The Court finds that these amounts are compensatory and will serve to compensate MetroPCS for its losses in the event Defendant violates the terms of this Order.

17. The Court hereby finds that the acts of Defendant renders it indebted to MetroPCS for money and property, including without limitation, illegally acquired new Handsets and proceeds from Defendant's resale of those Handsets, which Defendant obtained by false pretenses, by false representation, and/or by actual fraud, and therefore this judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

18. The Court hereby finds that the acts of Defendant constitute willful and malicious injury by Defendant to MetroPCS and/or the property of MetroPCS, including MetroPCS Handsets, MetroPCS's federally-registered trademarks, and MetroPCS's image and reputation, as a result of Defendants' admitted and continuing participation in the Scheme, and therefore this judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

19. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendant as set forth herein.

DONE AND ORDERED this <u>6th</u> day of <u>  March  </u>, 2017.

Copies furnished to:
All Pro Se Parties and Counsel of Record

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE