# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| METROPCS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3573 |
| | § | |
| FIESTA CELL PHONE & DISH | § | |
| NETWORK, INC, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Strike Defendants' Affirmative Defenses ("Motion to Strike") [Doc. # 57] filed by Plaintiff MetroPCS, to which Defendants SMBNW Enterprises, Inc., Iraciti, Inc., Zawar H. Shah, and Moeed H. Shah filed a Response [Doc. # 64], and Plaintiff filed a Reply [Doc. # 66]. Having reviewed the record and applied relevant legal authorities, the Court **grants** the Motion to Strike as to the fraud affirmative defense and **denies** the Motion to Strike in all other respects.

Plaintiff alleges that Defendants engaged in the unauthorized bulk purchase and resale of MetroPCS wireless handsets. Defendants answered and asserted four affirmative defenses – duress, estoppel, fraud, and waiver. Plaintiff filed its Motion to Strike the affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The Motion to Strike has been fully briefed and is ripe for decision.

Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike "an insufficient defense" from a pleading. FED. R. CIV. P. 12(f). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006) (Fitzwater, J.). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

Rule 8(c) of the Federal Rules of Civil Procedure requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[1] *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). The relevant focus is whether the pleading is sufficient to identify and provide fair notice of the basis for the affirmative defense in question. *Woodfield*, 193 F.3d. at 362. "[F]air notice" is satisfied if the defense is "sufficiently articulated . . . so that the plaintiff [is] not a victim of unfair surprise." *Id.*; *see also Rogers*, 521

---

[1] The Fifth Circuit has not yet addressed whether the pleading requirements set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009), apply to affirmative defenses. The Fifth Circuit has, however, applied the fair notice pleading standard in its decisions post-*Twombly/Iqbal*. *See, e.g., LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394 (5th Cir. 2014); *Garrison Realty, LP v. Fouse Architecture & Interiors, P.C.*, 546 F. App'x 458 (5th Cir. 2013). As a result, this Court declines to apply the heightened *Twombly* and *Iqbal* pleading standard to affirmative defenses.

F.3d at 385 ("The concern is that a defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense."). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

In this case, Defendants identify and give fair notice of the basis for their affirmative defenses of duress, estoppel, and waiver. With reference to the duress defense, Defendants allege that Plaintiff's investigator placed undue duress on Defendants to purchase the MetroPCS handsets that Defendants would not have purchased but for that duress. In connection with the estoppel defense, Defendants allege that MetroPCS representatives engaged in conduct that caused Defendants to purchase MetroPCS handsets. Defendants assert a waiver defense, alleging that Plaintiff waived its right to recover because it sold the phones to Defendants without the terms, conditions, and restrictions on which Plaintiff bases the complaint. Although the allegations are sparse, there is sufficient information to give fair notice of these three affirmative defenses. Plaintiff can obtain additional detail through discovery and, if appropriate, move for summary judgment after discovery is complete.

Defendants' statement of their fraud affirmative defense, however, is insufficient. Defendants allege that Plaintiff "made a material misrepresentation," but

they do not identify the substance of that misrepresentation. As a result, the Motion to Strike the fraud affirmative defense is granted.[2]

Based on the foregoing, the Court exercises its discretion to strike the fraud affirmative defense, and exercises its discretion not to strike the duress, estoppel, and waiver affirmative defenses that the Court finds are sparse but adequate. Accordingly, it is hereby

**ORDERED** that the Motion to Strike [Doc. # 57] is **GRANTED** as to the fraud affirmative defense and **DENIED** in all other respects.

SIGNED at Houston, Texas, this **11th** day of **May, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Defendants have had an opportunity to amend their affirmative defenses to satisfy the fair notice pleading requirement, and the deadline for amended pleadings has expired. As a result, the Court will not allow further attempts to plead the fraud defense adequately.