IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| METROPCS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3573 |
| | § | |
| FIESTA CELL PHONE & DISH | § | |
| NETWORK, INC, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment Against Defendant Zawar H. Shah ("Motion") [Doc. # 75] filed by Plaintiff MetroPCS, to which Defendant Shah filed a Response [Doc. # 87], and Plaintiff filed a Reply [Doc. # 89]. Having reviewed the record and applied relevant legal authorities, the Court **denies** the Motion.

Plaintiff alleges that Defendants engaged in the unauthorized bulk purchase and resale of MetroPCS wireless handsets. Defendant Fiesta Cell Phone & Dish Network, Inc. ("Fiesta Cell") failed to appear and, by Final Judgment [Doc. # 41] entered March 6, 2017, final default judgment was entered against it. Based on the final default judgment against Fiesta Cell, Plaintiff has now moved for summary judgment against Shah. The Motion has been fully briefed and is ripe for decision.

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions in the record, together with any affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 434 (5th Cir. 2016). Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Brandon v. Sage Corp.*, 808 F.3d 266, 269-70 (5th Cir. 2015); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

Under Texas law, "[i]f the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived." TEX. TAX CODE § 171.255(a). To impose liability on Shah based on the judgment against Fiesta Cell, MetroPCS must prove that (1) the

corporate charter was forfeited for noncompliance with the Texas Tax Code; (2) a judgment exists against Fiesta Cell; and (3) Shah was an officer or director of Fiesta Cell at the time the corporate debt was incurred. *See Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 431 (Tex. 2015). In this case, it is undisputed that Fiesta Cell's corporate charter was forfeited in October 2004 for failure to comply with the Texas Tax Code. It is also undisputed that a default judgment exists against Fiesta Cell.[1] There is no evidence, however, that Shah was an officer or director of Fiesta Cell in March 2017 when default judgment was entered and the debt was created. Plaintiff's evidence demonstrates only that Shah was an officer (President) of Fiesta Cell in April 2011 when the company filed a Texas Franchise Tax Public Information Report. Plaintiff has not demonstrated that no genuine issue of material fact exists regarding whether Shah was an officer or director of Fiesta Cell in March 2017. As a result, Plaintiff has not demonstrated that it is entitled to summary judgment against Shah pursuant to § 171.255(a) of the Texas Tax Code, and it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment Against Defendant Zawar H. Shah [Doc. # 75] is **DENIED**.

---

[1] It is undisputed that the judgment exists, but Shah challenges the validity of the default judgment.

SIGNED at Houston, Texas, this __9th__ day of **August, 2017**.

*[Signature]*
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE