IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| METROPCS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3573 |
| | § | |
| FIESTA CELL PHONE & DISH | § | |
| NETWORK, INC, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Reconsideration [Doc. # 95] filed by Plaintiff MetroPCS, seeking reconsideration of the denial of its Motion for Summary Judgment. Defendant Zawar H. Shah filed a Response [Doc. # 100], and Plaintiff filed a Reply [Doc. # 101]. Having reviewed the record and applied relevant legal authorities, the Court **denies** the Motion for Reconsideration.

Plaintiff alleges that Defendants engaged in the unauthorized bulk purchase and resale of MetroPCS wireless handsets. Defendant Fiesta Cell Phone & Dish Network, Inc. ("Fiesta Cell") failed to appear and, by Final Judgment [Doc. # 41] entered March 6, 2017, final default judgment was entered against it.

Based on the final default judgment against Fiesta Cell, Plaintiff moved for summary judgment against Shah. Plaintiff argued that under Texas law, "[i]f the corporate privileges of a corporation are forfeited for the failure to file a report or pay

a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived." TEX. TAX CODE § 171.255(a). An essential element of Plaintiff's attempt to impose liability on Shah based on the judgment against Fiesta Cell is that Shah was an officer or director of Fiesta Cell *at the time the corporate debt was incurred*. *See Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 431 (Tex. 2015). The Court noted that Plaintiff failed to present evidence that Shah was an officer or director of Fiesta Cell in March 2017 when default judgment was entered and the debt was created. Therefore, the Court denied Plaintiff's Motion for Summary Judgment.

Plaintiff filed its Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise at any time' 'any order or other decision that does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)) (alterations and internal quotation marks omitted). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id*. (internal quotation marks and citations omitted).

In the Motion for Reconsideration, Plaintiff argues that Shah was an officer or director of Fiesta Cell in March 2017 because Fiesta Cell's corporate records do not reflect that Shah's term as an officer or director expired, or that Shah otherwise stopped serving as an officer or director prior to March 2017. In response, Shah has submitted his Affidavit, Exhibit A to the Response, stating under oath that he was not an officer or director of Fiesta Cell at the time the debt arose in March 2017. This evidence raises a genuine issue of material fact, precluding summary judgment. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 95] is **DENIED**.

SIGNED at Houston, Texas, this **3rd** day of **October, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE